| | |
|---|---|
| WEISS ZARETT BROFMAN SONNENKLAR & LEVY, P.C. | Hearing Date: January 14, 2019 |
| *Attorneys for* Maria Saketos, M.D. | Time: 1:30 p.m. |
| 3333 New Hyde Park Road, Suite 211 | |
| New Hyde Park, NY 11042 | |
| 516.627.7000 | |
| Michael D. Brofman | |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                                              Chapter 11

GABRIEL A. SAN ROMAN &
MICHELE D. SAN ROMAN,                                     Case No. 18-77977-reg


                                            Debtors.
-----------------------------------------------------------------x

## LIMITED OBJECTION TO DEBTORS' MOTION
## FOR AN ORDER AUTHORIZING DEBTORS TO
## SELL INTEREST IN REAL PROPERTY

The limited objection of Reproductive Specialists of New York, LLC ("RSNY"), Linda Sung, M.D. ("Sung"), and Maria Saketos, M.D. ("Saketos" and together with RSNY and Sung, "Creditors"), by their attorneys, Weiss Zarett Brofman Sonnenklar & Levy, P.C., to the Debtor's motion (the "Motion") seeking authorization to sell an interest in the real property located at and known as 11 Oak Run, Unit 11, Stony Brook, New York (the "Property"), respectfully sets forth as follows:

1.  Gabriel A. San Roman ("Debtor") is indebted to Creditors by virtue of the provisions of a certain Forbearance Agreement dated as of November 1, 2014 ("Forbearance Agreement"), through which the Debtor executed promissory notes ("Notes") of (i) $231,205.00 in favor of Saketos, (ii) $30,707.00 in favor of Sung, (iii) $427,425.00 in favor of RSNY, effective and dated as of November 1, 2014, and (iv) an additional note in favor of James Stelling ("Stelling") in the original

principal amount of $200,894.00.[1]  Prior to the execution of the Forbearance Agreement and the Notes, the Debtor was also a partner in RSNY, along with Saketos, Stelling and Sung, and was indebted to each of them at the time that the Debtor left the partnership, and the Forbearance Agreement settled litigation against the Debtor concerning that indebtedness.

2. The Notes (copies of which are annexed as Exhibit A) were secured by, among other things, a mortgage executed only by the Debtor on the Property, which he owned as a 95% interested tenant-in-common with his then-mother-in-law, Angela M. Carfora ("Carfora"), who held the remaining 5% interest.

3. Accordingly, the Mortgage in the amount of $150,000.00 ("Mortgage"), a copy of which is annexed hereto and made a part hereof as Exhibit B, encumbers the Debtor's interest in the Property that the Debtor is seeking to sell.  (A tenant-in-common may make a valid transfer of her mortgage by interest in property.  *See*, *V.R.W., Inc. v. Klein*, 68 N.Y.2d 560 (1986); *John T. Walsh Enterprises, LLC v. Jordan*, 152 A.D.3d 755 (2d Dept. 2017); *1.2.3. Holding Corp. v. Exeter Holding Ltd.*, 72 A.D.3d 1040 (2d Dept. 2017)).

4. The Mortgage is held by the Creditors and by Stelling in common and should therefore be apportioned to their respective interests based on the relative indebtedness due.  Based upon payments that have been made on the Forbearance Agreement and the Notes through November 30, 2018, at the filing date of the Debtor's Chapter 11 Petition, there remained due and owing on the Saketos Note, $220,973.12; on the Stelling Note, $191,989.41; on the Sung Note, $29,581.57; and on the RSNY Note, the sum of $406,541.09.  Each of those Notes is therefore partially secured by the Debtor's interest in the Property.

---

[1] Stelling was a partner in RSNY until mid-2018 when he assigned his interest to Sung and Saketos.  Sung and Saketos are the remaining partners in RSNY.

2

5.      Creditors do not have an objection to a sale of the Property for the price or on the other terms proposed by the Debtor. However, the Creditors are concerned that the ownership interest in the Property by Carfora, which is now held by the Carfora Estate, may have been given to her by the Debtor, without consideration, and those funds should be segregated and held pending that determination. The Motion is unclear as to whether that 5% interest in the balance, after payment of the first mortgage would go to the Carfora Estate, or would be contributed to a plan of reorganization. In addition, it is unclear from the Motion as to what the anticipated costs of closing will be and whether or not 95% of the net proceeds, after the payment of the first mortgage and whatever closing costs are required to be paid in order to effectuate the transfer, will be distributed to the Creditors and Stelling as partially secured creditors in reduction of their debt, at or shortly after closing, or whether the Debtor intends to hold those funds pending a plan of reorganization.

6.      Obviously, the Debtor's response to those open issues should be determined before the Court's approval of the sale.

WHEREFORE, the Creditors respectfully request that the Court authorize the sale, subject to resolving the open issues concerning the disposition of the funds after the closing costs and the payment of the first mortgage, and for such other and further relief as the Court may deem just, proper and equitable.

Dated:   New Hyde Park, New York
         January 7, 2019

                                                      WEISS ZARETT BROFMAN SONNENKLAR & LEVY, P.C.
                                                      *Attorneys for Creditors*


                                                      By: s/ Michael D. Brofman
                                                         Michael D. Brofman, Esq.
                                                         3333 New Hyde Park Road, Suite 211
                                                         New Hyde Park, New York 11042
                                                         516.627.7000